# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **TYRONE INGRAM** | **CIVIL ACTION NO. 05-0950-M** |
| **VS.** | **SECTION P** |
| **BUGLER TOBACCO CO., ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of *pro se* plaintiff Tyrone Ingram, filed *in forma pauperis* on June 1, 2005. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC).[1] He is presently incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana, and he complains of conditions of confinement at that facility. He names the Bugler Tobacco Company of Tucker, Georgia, the State of Louisiana, and RBDC as his defendants and he seeks $40 million in compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff, a non-smoker, has developed "...bad sinus trouble, difficulty breathing, frequent chest pains and a constant recurring cough..." since his incarceration at RBDC on May 5, 2004. Plaintiff claims that there are no non-smoking dormitories at RBDC. He claims that 99% of his fellow inmates in Dorm "A" smoke Bugler Tobacco "...all day and night." Plaintiff claims that the amount of smoke is such that it discolored the dormitory ceiling.

---

[1] See Doc. 1, Statement of Claims at p. 6 wherein plaintiff refers to his "DOC # 402715."

Plaintiff lives in "constant fear what might happen to [his] current health and to [his] long term health..."

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner files suit pursuant to 42 U.S.C. §1983 and is afforded *in forma pauperis* status, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint specifically details his theory of liability with respect to each named defendant. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for which relief may be granted and that his claims are frivolous.

## 2. Bugler Tobacco Company

Plaintiff has named the Bugler Tobacco Company as a defendant. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir.1995) ("*Piotrowski I* ") (citation and internal quotations omitted). A prisoner may state a valid claim under the Eighth Amendment by alleging that he has been exposed to unreasonable levels of second-hand, or environmental tobacco smoke. See *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Nevertheless, he must allege facts sufficient to establish that the party responsible for the alleged constitutional violation was a "state actor." Bugler Tobacco Company is not a state actor and therefore plaintiff has failed to state a claim for which relief

may be granted. His claim against this defendant is frivolous. Compare *Todd v. Brown & Williamson Tobacco Corporation*, 924 F.Supp. 59 (W.D.La. 1996); see also, *Ashanti v. R.J. Reynolds Tobacco Corp.*, 2 Fed.Appx. 778 (9th Cir. 2001).

### 3. State of Louisiana

Sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution. *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). The presupposition or concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)(quoting *Hans v. Louisiana* 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

The State of Louisiana has waived sovereign immunity in tort and contract suits but it has not waived its immunity under the Eleventh Amendment from suit in federal court. U.S.C.A. Const. Amend. 11; LSA-R.S. 13:5106; LSA-Const. Art. 12, § 10. Thus, plaintiff's claims against the state of Louisiana are clearly subject to dismissal under the doctrine of sovereign immunity and are frivolous.

### 4. River Bend Detention Center (RBDC)

Plaintiff has also sued the River Bend Detention Center. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the River Bend Detention Center

has the capacity to sue or be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The Louisiana Secretary of State's listing of business names does not list a Riverbend (or River Bend) Detention Center. [See Louisiana Secretary of State, Unofficial Business Name Search Results at  http://www.sos.louisiana.gov/cgibin/?rqstyp=CRPB&rqsdta=Riverbend]

The River Bend Detention Center is apparently a parish corrections facility operated by the East Carroll Parish Sheriff's Office. [See La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed, and clothed.]

In Louisiana, the Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988). In other words, the State of Louisiana has not granted juridical status to either the East Carroll Parish Sheriff's Office or the RBDC.

Plaintiff's suit against this non-juridical entity is frivolous.

## 5. Exhaustion

In addition to the foregoing, the undersigned notes that although plaintiff acknowledged the existence of a prison grievance procedure at RBDC, he admitted that the did not avail himself

of the formal grievance procedure. [See Doc. 1, paragraph II]  Plaintiff gives the following reason

for not filing a formal grievance: "During the first part of the year 2005, Riverbend Detention

Center passed forms out for inmates who wanted to be put in a smoke free dorm. I signed the

form.  But nothing never [sic] happened afterwards about those forms. I'm still forced to be

subjected to second hand tobacco smoke daily." [Doc. 1, p. 5]

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the

Prison Litigation Reform Act (PLRA).  As amended, §1997e(a) makes mandatory the

requirement that prisoners exhaust all available administrative remedies prior to filing suit in

court. Section 1997e(a) now provides,

> (a) Applicability of Administrative Remedies – No action shall be brought with
> respect to prison conditions under section 1983 of this title or any other Federal
> law, by a prisoner confined in any jail, prison, or other correctional facility until
> such administrative remedies as are available are exhausted.

This is a prison condition case, exactly the type of case which can best be resolved by the

prison officials without resort to judicial action. Plaintiff is obviously aware of the administrative

remedy procedure since he acknowledged the existence of such procedures at the RBDC. [See

Doc. 1, Paragraph II] Yet, clearly he did not even attempt to resolve his grievance by properly

utilizing the administrative remedy procedure available before filing this suit.

Under current law, plaintiff must exhaust the administrative remedy procedure before

proceeding herein.  The statute provides for no exceptions.[2]  The statute precludes any further

action on his claims until plaintiff has fully exhausted the administrative remedy procedure.  See

_____

[2] See also *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12
(2002), "... we hold that the PLRA's exhaustion requirement <u>applies to all inmate suits about
prison life,</u> whether they involve general circumstances or particular episodes, and whether they
allege excessive force or some other wrong. (citation omitted)"

also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the action is pending... [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)(dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In the alternative,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available administrative remedies prior to the filing of suit as mandated by 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of August, 2005.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE